Douglas J. Campion (State Bar No. 75381)
Doug@DJCampion.com
**LAW OFFICES OF DOUGLAS J. CAMPION, APC**
17150 Via Del Campo, Suite 100
San Diego, CA  92127
Telephone: (619) 299-2091
Facsimile:  (619) 858-0034

Daniel G. Shay (State Bar No. 250548)
DanielShay@TCPAFDCPA.com
**LAW OFFICES OF DANIEL G. SHAY**
409 Camino Del Rio South, Suite 101B
San Diego, CA  92108
Telephone: (619) 222-7429
Facsimile:  (866) 431-3292

*Attorneys for Plaintiff and the Putative Class*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DOHERTY, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>BARCLAYS BANK DELAWARE, a Delaware Corporation,<br><br>        Defendant. | Case No. **'16CV1131 AJB NLS**<br><br><u>CLASS ACTION</u><br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C § 227 ET SEQ.**<br><br>Jury Trial Demanded |

1

Class Action Complaint for Damages

## INTRODUCTION

1. Michael Doherty ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant Barclays Bank Delaware ("Defendant") and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or related entities (collectively "Defendant"), in negligently, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone without his prior express consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF ACTION

2. Defendant is one of the top ten issuers of credit cards in the United States and has over $21 billion worth of outstanding loans.[1]

3. Unfortunately for consumers, Defendant has called cellular telephone numbers it associates with these accounts, without the express consent of the call recipients, while using equipment that has the capacity to store and dial telephone numbers, *en masse,* and through the use of an artificial and/or prerecorded voice. As a result, Defendant has repeatedly violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq* ("TCPA").

4. The TCPA exists to put an end to invasive telephone calls exactly like those alleged in this Complaint—autodialed calls to cell phone numbers, placed without consent, and made without regard to the charges such calls can incur.

5. Defendant's TCPA violations caused Plaintiff and the members of a putative Class of consumers (defined below) to experience actual harm, including the

---

[1] http://www.bankrate.com/rates/safe-sound/memorandums-memos.aspx?fedid=2980209  (Last Visited April 27, 2016)

aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, as well as the costs for the receipt of such telephone calls.

6. In response to Defendant's unlawful conduct, Plaintiff brings the instant lawsuit and seeks an injunction requiring Defendant to cease all unsolicited phone call activities, and an award of statutory damages to the members of the Class under the TCPA with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute. This Court has personal jurisdiction over Defendant because it routinely transacts business within this District, including placing telephone calls and collecting payments from residents of this District. Additionally, the specific conduct giving rise to this case occurred within this District.

8. Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b)(c) and § 1441(a) because Defendant is deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced, and because Defendant's contacts with this District are sufficient to subject them to personal jurisdiction. Venue is also proper in this District because Plaintiff resided in this District at all times relevant to these claims such that a substantial part of the events giving rise to Plaintiff's causes of action against Defendant occurred within this judicial district.

## PARTIES

9. Plaintiff at all times mentioned herein was a citizen and resident of the State of California, County of San Diego, in this judicial district. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

10. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a Delaware Corporation whose primary

3

Class Action Complaint for Damages

corporate offices are located in Delaware.  Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of San Diego, and within this judicial district.  The Defendant is, and at all times mentioned herein was, a "person", as defined by 47 U.S.C. § 153.

### THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

11. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), [2] in response to a growing number of consumer complaints regarding certain telemarketing practices.

12. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers."  Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party. [3]

13. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. [4]

14. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made

---

[2] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA).  The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*
[3] 47 U.S.C. § 227(b)(1)(A)(iii).
[4] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

with the "prior express consent" of the called party. [5] The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed." [6]

### COMMON FACTUAL ALLEGATIONS

15. Defendant, a large national bank, services millions of credit card accounts for consumers throughout the United States.

16. Defendant calls consumers at the various telephone numbers that it associates with these accounts.  It places these calls with equipment that has the capacity to store or produce telephone numbers using random or sequential number generators and to dial such numbers, *en masse.*

17. Defendant places many of these calls without having prior express consent from the call recipients to do so.  Not surprisingly, consumers complain.

18. On information and belief, Defendant also uses skip tracing, number trapping and other methods to acquire additional phone numbers to contact.  As these numbers are not obtained directly from the call recipients, Defendant does not obtain prior express consent to make calls to them.

19. Defendant knowingly places telephone calls to cell phone numbers without the prior express consent of the call recipients, and knowingly continues to have such calls placed after receiving requests to stop.  As such, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

20. The TCPA is intended to give consumers control over how and where they receive calls.  When Defendant discovers numbers to call and calls them without consent, it takes this control away from consumers and violates the spirit and

---

[5] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("*FCC Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).
[6] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

letter of the TCPA.

### FACTS SPECIFIC TO PLAINTIFF DOHERTY

21. Plaintiff does not owe Defendant any money and there is no reason for Defendant to call him.

22. Plaintiff never gave Defendant his cellular telephone number ending in 7814, the number called. Plaintiff did not give Defendant prior express consent to call his cellular telephone with the use of an autodialer and/or an artificial voice or prerecorded message pursuant to 47 U.S.C. § 227 (b)(1)(A).

23. On information and belief Defendant obtained Plaintiff's cellular telephone number from a third party. Defendant did not receive that number from Plaintiff.

24. Defendant called Plaintiff's cellular telephone with a prerecorded or artificial voice and left multiple automated voicemails asking for Plaintiff's mother.

25. From October 26, 2015 to December 4, 2015, Defendant called Plaintiff's cellular telephone and left at least eleven times and left approximately five automated voicemails apparently intended for Plaintiff's mother.

26. From December 28, 2015 to February 4, 2016, Defendant called Plaintiff's cellular telephone no less than forty-four times.

27. Notwithstanding the fact that Plaintiff did not provide Defendant with his 7814 cellular number at any time, Defendant, or their agents, have called Plaintiff on his cellular telephone via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) and by using "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227 (b)(1)(A). This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

28. Such calls were by prerecorded or artificial voice, for the most part from 866-546-0677, 866-408-4070 and 866-740-4298.

29. The telephone number Defendant and/or their agents called ending in 7814 was assigned to a cellular telephone service for which Plaintiff incurs a charge for

Class Action Complaint for Damages

incoming calls pursuant to 47 U.S.C. § 227(b)(1).

30. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

31. These telephone calls by Defendant and/or their agents violated 47 U.S.C. § 227(b)(1).

32. Under the TCPA and pursuant to the FCC's January, 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided prior express consent within the meaning of the statute.

33. At all relevant times, Defendant knew it was using an automatic telephone dialing system and an artificial or prerecorded voice, knew it was placing calls to Plaintiff's cellular telephone number, and knew it was doing so without his prior express consent.

## CLASS ACTION ALLEGATIONS

34. Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of himself and a Class of similarly situated individuals, defined as follows:

> **Class:**   All individuals in the United States to whom: (1) Defendant placed a call; (2) using an automatic telephone dialing system or using an artificial or prerecored voice; (3) to his or her cellular telephone number; and (4) where Defendant did not have express consent to place such call at the time it was placed.

The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; and (5) the legal representatives, successors, and assigns of any such excluded persons.

7

Class Action Complaint for Damages

35. **Numerosity**: The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant placed telephone calls to hundreds or thousands of individuals that fit into the definition of the Class. Members of the Class can be easily identified through Defendant's own records.

36. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual Class members. Common questions for the Class include, but are not necessarily limited to, the following:

    (a) Whether Defendant systematically placed telephone calls to consumers without their prior express consent;

    (b) Whether Defendant's calls were made to consumers' cellular telephones utilizing an automatic telephone dialing system or with an artificial or prerecorded voice;

    (c) Whether Defendant's conduct violated the TCPA and;

    (d) Whether Plaintiff and the Class members are entitled to treble damages based on the willfulness of Defendant's conduct.

37. **Typicality**: Plaintiff's claims are typical of the claims of the Class members. Plaintiff and the Class members sustained damages as a result of Defendant's uniform wrongful conduct toward them.

38. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class members and has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Class members, and Defendant has no defenses unique to Plaintiff.

39. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class

members and making final injunctive relief appropriate with respect to the Class as a whole.  Defendant's practices challenged herein apply to and affect each of the Class members uniformly.  Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

40. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable.  The damages suffered by the individual Class members will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions.  Thus, it would be virtually impossible for the individual Class members to obtain effective relief from Defendant's misconduct.  Even if the Class members could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint.  By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.  Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 ET SEQ.**
**(PLAINTIFF AND THE CLASS)**

41. Plaintiff incorporates by reference all of the preceding paragraphs of this Complaint as though fully stated herein.

42. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

43. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq,

9

Class Action Complaint for Damages

Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

44. Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct in the future.

45. Plaintiff and Class members are entitled to an award of attorneys' fees and costs.

### SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATION OF
### THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 ET SEQ.
### (PLAINTIFF AND THE CLASS)

46. Plaintiff incorporates by reference paragraphs 1 through 40 of this Complaint as though fully stated herein.

47. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

48. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq*, Plaintiff and the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

49. Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct in the future.

50. Plaintiff and Class members are entitled to an award of attorneys' fees and costs.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff individually and on behalf of the Class prays for the following relief:

51. An order certifying the Class as defined above, appointing Plaintiff as representative of the Class, and appointing his counsel as Class Counsel;

52. An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227;

Class Action Complaint for Damages

53. A declaratory judgment that Defendant's telephone calling equipment constitutes an automated telephone dialing system under the TCPA;
54. An injunction requiring Defendant and its agents to cease all use of automated or computerized telephone calling equipment and to cease using an artificial and/or prerecorded voice in making call to cellular telephones without prior express consent;
55. An order requiring Defendant to disclose the names of any third-party companies involved in the generation of the telephone calls alleged herein, along with the terms of any contracts it has with such entities;
56. An order requiring Defendant to permanently cease-and-desist from all unlawful conduct as alleged herein, and otherwise protecting the interests of the Class;
57. An award of actual and statutory damages;
58. An award of reasonable attorneys' fees and costs; and
59. Such other and further relief that the Court deems reasonable and just.

### TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all counts so triable.

Date: May 11, 2016     LAW OFFICES OF DOUGLAS J. CAMPION, APC
                       By: s/ Douglas J. Campion
                       Douglas J. Campion, Esq.
                       Doug@DJCampion.com

Date: May 11, 2016     LAW OFFICES OF DANIEL G. SHAY
                       By: s/ Daniel G. Shay
                       Daniel G. Shay, Esq.
                       DanielShay@TCPAFDCA.com

                       *Attorneys for Plaintiff and the Putative Class*